931 F.2d 887
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph Linscott BODDEN, a/k/a Rafael Linscott Bodden, a/k/a
Ralph Bodden, a/k/a Rafael Pina, a/k/a Raphael
Linscott Bodden, a/k/a Ralph Badden,
Defendant-Appellant.
 No. 90-5227.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1991.
Decided April 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-90-200-A)
 Stephen J. Crum, Arlington, Va., for appellant.
 Henry E. Hudson, United States Attorney, Marcus J. Davis, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ralph Bodden appeals from a district court order entering judgment pursuant to a jury verdict finding Bodden guilty of two counts of making false statements to a firearms dealer in violation of 18 U.S.C. Sec. 922(a)(6) and two counts of unlawful receipt and possession of firearms in violation of 18 U.S.C. Sec. 922(g)(1). The only issue raised by Bodden on appeal is whether the evidence was sufficient to support Bodden's conviction pursuant to Sec. 922(a)(6).
 
 
 2
 The undisputed facts were that Bodden purchased pistols in December 1989 and January 1990 from a Virginia gun shop. On each occasion, he answered "no" to a question on federal purchase forms asking whether he had ever been convicted of a crime punishable by more than one year imprisonment. In fact, Bodden had been convicted in 1984 of a felony punishable by up to four years imprisonment for which he was sentenced to 60 days imprisonment and five years probation.
 
 
 3
 A conviction under Sec. 922(a)(6) requires the defendant's false statements to be "knowingly" made. We have held that this element may be satisfied either by actual knowledge of the falsity of the statement or when the false statement is made "with deliberate disregard for whether it was true or false and with a conscious purpose to avoid learning the truth." See United States v. Hester, 880 F.2d 799, 803 (4th Cir.1989).
 
 
 4
 Bodden admits that the evidence was sufficient for the jury to conclude that he knew of his felony conviction when he answered falsely on the federal forms, but contends the evidence was insufficient to show that he knew his crime was punishable by more than one year. We reject this contention. Bodden's probation officer testified that he discussed the conditions of Bodden's probation with him in January 1989, and that official probation records disclosed that at least two other probation officers had previously done the same. Moreover, Bodden himself testified that his felony conviction was pursuant to a plea bargain, that he was questioned by a judge regarding his understanding of the plea before it was accepted, and that when he was sentenced he signed a form acknowledging that he had read or had read to him the conditions of his sentence of probation.
 
 
 5
 In view of this evidence, there is enough evidence to persuade a rational jury that the knowledge element of Sec. 922(a)(6) was established beyond a reasonable doubt in this case. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.